Filed 7/23/25  P. v. Sanchez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>LUIS ALBERTO SANCHEZ,<br><br>　　Defendant and Appellant. | G064480<br><br>(Super. Ct. No. 08NF2333)<br><br>O P I N I O N |

Appeal from a postjudgment of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* 　　　 \* 　　　 \*

## I. Introduction

Luis Alberto Sanchez (Defendant) appeals from an order denying, at the prima facie stage, his petition for resentencing made pursuant to Penal Code section 1172.6.[1] Defendant's appointed counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) to inform the court that counsel had found no arguable issues and to request that we exercise our discretion to conduct an independent review of the record. Counsel also suggested one issue for our consideration.

Defendant was given the opportunity to file a supplemental brief on his own behalf and was given notice pursuant to *Delgadillo* that if no supplemental brief was filed, the court might dismiss the appeal as abandoned. Defendant did not file a supplemental brief. We nonetheless exercise our discretion to conduct an independent review of the record (*Delgadillo, supra*, 14 Cal.5th at p. 232) and find no arguable issues on appeal. We therefore affirm.

## II. Jury Verdicts and Sentencing

In May 2012, a jury convicted Defendant of first degree special circumstance murder (§§ 187, subd. (a), 190.2, subd. (a)(22)) and found to be true allegations that he personally and intentionally discharged a firearm (§ 12022.53, subd. (c)) and that he personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)). The jury also convicted Defendant of active participation in a criminal street gang (§ 186.22, subd. (a)). Defendant had been charged with one count of attempted murder, but the trial court declared a mistrial on that count after the jury declared itself

---

[1] All statutory references are to the Penal Code.

deadlocked.

The trial court sentenced Defendant to life in prison without the possibility of parole consecutive to a 25 years to life term for the section 12022.53, subdivision (d) firearm enhancement. In *People v. Sanchez* (Oct. 10, 2013, G047063) [nonpub. opn.], we affirmed the murder conviction and the true finding on the personal discharge of firearm allegations and, pursuant to *People v. Rodriguez* (2012) 55 Cal.4th 1125, reversed the conviction for participation in a criminal street terrorism.

### III. Defendant's Section 1172.6 Petition

In May 2024, Defendant filed a form petition for resentencing pursuant to section 1172.6. He checked the boxes for the standard allegations that (1) a complaint, information, or indictment had been filed against him which allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory of imputed malice; (2) he was convicted of murder following a trial; and (3) he could not presently be convicted of murder due to changes made to sections 188 and 189. Defendant was appointed counsel.

The District Attorney filed opposition to Defendant's resentencing petition. With the opposition, the District Attorney submitted copies of: (1) the abstract of judgment; (2) the register of actions; (3) the information; (4) the jury verdicts; (5) *People v. Sanchez, supra*, G047063; and (6) the jury instructions given at trial.

The trial court conducted a hearing at which both sides submitted on the papers. Later that day, the trial court denied the petition and issued a statement of decision in which the court found: "A review of the record of conviction, including the instructions presented to the jury at trial,

3

makes clear there was no felony murder doctrine or natural and probable consequences theory upon which the jury could have convicted petitioner. Petitioner was determined to be the actual killer and had the requisite intent. Therefore, the petitioner would still be guilty of Murder under currently valid law."

## IV. Issue Presented by Counsel

Defendant's counsel suggests we address the following issue: "Did the trial court improperly deny appellant's petition for resentencing pursuant to section 1172.6?" The issue has no merit.

## V. Disposition

The postjudgment order denying Defendant's petition for resentencing is affirmed.


SANCHEZ, ACTING P. J.

WE CONCUR:


DELANEY, J.


GOODING, J.

4